# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JULIO CAMACHO PACHECO,<br>Defendant. | Case No. 17-cr-00324 BLF (NC)<br>**DETENTION ORDER**<br>Hearing: Oct. 17, 2017 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant JULIO CAMACHO PACHECO, and the Court on October 17, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Pacheco initially appeared for a detention hearing on July 27, 2017, before Magistrate Judge van Keulen, and submitted to detention without prejudice to a further bail hearing. ECF 7. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by his attorney Michael Hinckley. The Government was represented by Assistant U.S. Attorney Marissa

Case No. 17-cr-00324 BLF (NC)

Harris.

The defendant is one of three persons charged by superseding indictment (ECF 15) with four felony drug conspiracy and distribution counts. The charges against Pacheco in counts one, two and four each carry a maximum lifetime in prison sentence, with a minimum prison term of ten years, if he is convicted. The defendant is presumed innocent of the charges. *See* 18 U.S.C. § 3142(j).

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Court Judge Beth Labson Freeman.

I. PRESUMPTIONS

The charged offenses under the Controlled Substances Act create a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A).

II. REBUTTAL OF PRESUMPTIONS

As reasoned below, the Court finds that the defendant has not rebutted the presumption of detention.

III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and in the July 26 Pretrial Services Report, and finds as follows. The Court adopts the facts set forth in the Pretrial Services Reports. The Court finds that the Government has established by more than a preponderance of the evidence that the defendant poses a risk of nonappearance that cannot be reasonably mitigated by any combination of conditions. The defendant, who is not a U.S. citizen, has extensive family ties in Mexico and fewer, inconsistent ties to this community. As set forth in the Report, there are discrepancies about Pacheco's length of employment, length of past residence, and length of relationship with Ms. Mendoza. On the other hand, Pacheco proffered that his partner recently gave birth to a child in this District and his parenting support is greatly needed. Unfortunately, the needs of parenting and familial support do not

overcome the presumption of detention. As to danger to the community, the Court finds that the defendant poses some risk (based on the charged offense conduct and a prior state court felony drug conviction), but that a combination of conditions could be imposed to mitigate the risk.

## IV. DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: October 17, 2017

_____
Nathanael M. Cousins
United States Magistrate Judge