# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>              Plaintiff,<br><br>   v.<br><br>PACHECO,<br><br>              Defendant. | Case No. 17-cr-00324-BLF-3<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**<br><br>[Re: ECF No. 185] |

Before the Court is Pro Se Defendant Julio Camacho Pacheco's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendment made to U.S.S.G. 4A1.1(d) ("Amendment 821"). *See* ECF No. 149.[1] The United States Probation Office issued a Sentence Reduction Investigation Report ("SRIR") stating that Defendant does not qualify for a reduction. ECF No. 188. The Government filed a brief opposing a reduction in sentence. ECF No. 189 ("Opp."). The Court invited Defendant to file an optional reply, ECF No. 187, and no reply has been filed. Defendant is serving his sentence at FCI Yazoo City Low and has a projected release date of June 28, 2026. Opp. at 2.

For the reasons stated below, the Court DENIES the motion.

**I.  BACKGROUND**

Defendant was charged in a four-count Second Superseding Indictment with multiple codefendants. ECF No. 77 ("PSR") ¶ 4. On April 3, 2018, Defendant pleaded guilty to all counts. *Id.* ¶ 5. Defendant's total offense level was 33. *Id.* ¶ 35. Defendant's total criminal history score was 4, establishing a criminal history category of III under the Sentencing Guidelines. *Id.* ¶ 38–

---

[1] The Court construed Defendant's letter request for appointment of counsel as a motion for reduction in sentence. ECF No. 187.

41. With a total offense level of 33, and with a criminal history category of III, the advisory Guidelines Range was 168 to 210 months. *Id.* ¶ 63. The Court imposed a total term of imprisonment of 140 months, 5 years of supervised release, and a $400 special assessment. ECF No. 89.

## II. LEGAL STANDARD

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023 and Parts A and B may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d). Part A of Amendment 821 struck the Sentencing Guidelines' former provision, which added 2 status points if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1(d) (Nov. 1, 2015), *as amended by* Amendment 821. In its place, Part A added a new provision under which 1 status point would be added if the defendant otherwise received 7 or more criminal history points and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Thus, Part A eliminates status points for individuals with 6 or fewer criminal history points and replaces 2 status points with 1 status point for individuals with 7 or greater criminal history points.

Part B of Amendment 821 added a provision to the Sentencing Guidelines that provides for a 2-level reduction to a defendant's offense level for certain defendants that meet certain criteria, including receiving no criminal history points. U.S.S.G. § 4C1.1(a) (Nov. 1, 2023).

## III. DISCUSSION

The Court finds that Defendant is ineligible for a sentence reduction under either Part of Amendment 821. Defendant presents the current motion pursuant to 18 U.S.C. § 3582(c)(2),

2

which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Part A of Amendment 821, and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Section 1B1.10(b)(2)(A) provides: "Except as provided in subdivision (B) [related to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the

amended guideline range determined under subdivision (1) of this subsection," that is, the range produced by application of the retroactive guideline amendment.

Defendant does not qualify under Part A.  Applying step one (under *Dillon*), Defendant would now receive 0 status points instead of 2, and have a total of 2 criminal history points. With 2 criminal history points, Defendant would be in criminal history category II rather than III, with an amended advisory guideline range of 151 to 188 months.  Opp. at 3.  However, Defendant already received a sentence of 140 months, which is below the low end of the amended guideline range.  In this circumstance, no relief is permissible under Part A.  *See* Section 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 827.

Furthermore, Defendant does not qualify under Part B.  In order to apply for a 2-level reduction under Part B, the defendant must "meet all of the following criteria" including "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.C. § 4C1.1(a)(1).  Here, Defendant received two criminal history points.  PSR ¶ 39.  Thus, no relief is permissible under Part B.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for a reduction in sentence under Amendment 821 (ECF No. 185) is DENIED.

Dated: May 20, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4